**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5159**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　v.

SARENA A. MOBLEY,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00124-MOC-10)

Submitted:  May 24, 2012　　　　　　　Decided:  May 30, 2012

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morgantown, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sarena A. Mobley pled guilty pursuant to a written plea agreement to conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 371 (2006). The district court sentenced Mobley to thirty-three months in prison. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning, first, whether trial counsel were ineffective in coercing Mobley to plead guilty, and second, whether the Government committed prosecutorial misconduct in failing to move for a downward departure based on substantial assistance. Mobley filed a pro se supplemental brief asserting that counsel rendered ineffective assistance in not preparing her for sentencing and that the district court rushed the sentencing proceedings. We affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims are most appropriately pursued in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record offers no clear indication of deficient performance by counsel. Therefore, we decline to

2

address in this appeal both the pro se and counseled claims of ineffective counsel.

As to counsel's claim of prosecutorial misconduct, the filing of a motion for sentence reduction based on substantial assistance is within the Government's sole discretion. See Fed. R. Crim. P. 35(b); U.S. Sentencing Guidelines Manual § 5K1.1. However, a court may remedy the Government's refusal to move for such a reduction if (1) the Government has obligated itself to move for a reduction under the terms of the plea agreement, United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991), or (2) the Government's refusal to move for a reduction "was based on an unconstitutional motive" or "was not rationally related to any legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (internal quotation marks omitted). Here, the plea agreement gave the Government full discretion to decide whether Mobley's assistance was substantial and warranted a § 5K1.1 motion. Moreover, counsel concedes that Mobley provided no assistance and therefore no departure was warranted.

After thoroughly reviewing the record, we conclude that Mobley's remaining claim is without merit and squarely contradicted by the record before us. In accordance with Anders, we have examined the entire record for potentially

3

meritorious issues and have found none.  We affirm the judgment of the district court.

This court requires that counsel inform Mobley, in writing, of her right to petition the Supreme Court of the United States for further review.  If she requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw. Counsel's motion must state that a copy thereof was served on Mobley.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4